[No. 924.]

ELIAS JONES, APPELLANT, *v*. THE SAN FRANCISCO SULPHUR COMPANY, RESPONDENT.

DEFAULT—MISTAKE IN NAME OF CORPORATION—SECTION 68 PRACTICE ACT.— Defendant was sued and served with process as "The San Francisco Sulphur Company." It suffered default. At a subsequent term it specially appeared under its true name of "The San Francisco Sulphur *Mining* Company," and moved to set aside the default, upon the ground of the technical mistake in its name: *Held*, it appearing that defendant had not complied with the law by filing a copy of its certificate of incorporation, that the practice act was only intended to apply for the benefit of those who have a meritorious defense, and who offer to make it, and not to those who offer a mere technical excuse for not answering in time.

APPEAL from the District Court of the Fourth Judicial District, Humboldt County.

The facts are stated in the opinion.

*Bonnifield & French and R. M. Clarke,* for Appellant.

*A. W. Fisk,* for Respondent.

By the Court, BEATTY, C. J. :

This action was commenced in the fourth district court, Humboldt county, at the June term, 1877. The complaint was filed August 6th, and according to the sheriff's return, the summons, together with a certified copy of the complaint, was served on E. McWorthy, "superintendent and agent" of defendant in Humboldt county, on the seventh day of August. Copies of the summons and complaint were also mailed to the defendant at San Francisco, its principal place of business. There was no appearance on the part of defendant, and on the sixth of September its default was entered. The following day judgment was taken for the amount demanded in the complaint, and on the eighth of September execution issued. All this took place at the June term. On the seventeenth day of January, 1878, during the October term of the court, " the San Francisco Sulphur *Mining* Company" served upon plaintiff's attorney the following notice:

" You will please take notice that on the fourth day of March, A. D. 1878, at the court-room of the above-entitled court, at the court-house in Winnemucca, at 10 o'clock A. M. of said day, or so soon thereafter as counsel can be heard, the San Francisco Sulphur Mining Company, a corporation, will, by its attorneys, appearing specially for that purpose only, move the court to vacate and set aside the judgment and default and to quash the execution heretofore entered and issued at the instance and request of the above-named Elias Jones as plaintiff, in an action entitled, *Elias Jones* v. *The San Francisco Sulphur Company,* and to vacate and annul all orders and proceedings had in said action subsequent to the filing of the complaint and the issuing of summons therein, and for costs, on the ground that, by said action, it was intended to sue the San Francisco Sulphur Mining Company; and there is not now, nor ever was, any

company or corporation known as the San Francisco Sulphur Company; that no service of summons in said action was ever had or made upon the San Francisco Sulphur Mining Company; that said corporation never, in any way, appeared in said action, and that the said court never had jurisdiction of said corporation."

On the sixteenth of April, 1878, and at the February term of the court, an order was made which, after reciting the special appearance of the San Francisco Sulphur Mining Company, sustained its motion on the grounds stated in the notice. The statement on appeal shows that, on the hearing of the motion, a good deal of evidence was produced going to show that the defendant is a California corporation, called, in its certificate of incorporation, the San Francisco Sulphur Mining Company, but that in Humboldt county, where its sulphur mine is situated, it calls itself, and is generally known as, the San Francisco Sulphur Company, as it is designated in the complaint. It does not appear to have ever complied with the law (Stats. 1869, p. 115), by filing a copy of its certificate of incorporation with the recorder of Humboldt county. It was also proven that E. McWorthy was not the regular superintendent of the company, although he was actually in charge of its business at the sulphur mine at the time he was served with summons. It was conclusively shown on the other hand, and not denied, that the officers of the corporation actually received the copies of the complaint and summons which were mailed to San Francisco, and that they were well advised of the pendency and nature of the action before the time for answering had elapsed.

Upon this state of facts we think the district court erred in sustaining defendant's motion. The general rule is that a court can not set aside or modify a judgment after the lapse of the term at which it was rendered, unless a motion to that effect was made during the term. (*Daniels* v. *Daniels*, 12 Nev. 118.) The sole exception to this rule is the case provided for in the last clause of section 68 of the practice act, where the defendant has not been personally served with summons. (*Casement* v. *Ringgold*, 28 Cal. 336.) But

in that case the court is only authorized to allow the defendant to "answer to the original merits of the action." This defendant has asked for no such relief, nor has it made any showing which would entitle it to relief under the provision in question, which was intended for the benefit of those who have a meritorious defense and who offer to make it, who for that purpose acknowledge and submit themselves to the jurisdiction of the court by appearing generally in the action, and who are able to offer a substantial, and not a merely technical excuse, for failing to answer in time. It was not intended to help those who, like this defendant, having actual knowledge of the pendency of the suit, and relying upon a misnomer or some such technical objection to the process, have waited until judgment has been entered, execution issued and large expenses incurred, and have then appeared specially for the mere purpose of moving to quash the proceedings with no other apparent object than to subject the plaintiff to useless costs and vexatious delays.

The order appealed from is reversed.