[Nos. 1016, 1017.]

## THOMAS EWING, RESPONDENT, v. ISAAC JENNINGS, APPELLANT.

15   379
21   191
27*  379

JUDGMENT BY DEFAULT—AUTHORITY OF CLERK TO ENTER JUDGMENT.—In a suit upon a judgment, the defendant appeared and filed a demurrer. The defendant's attorney subsequently filed with the clerk a written withdrawal of the demurrer: *Held*, that defendant, by withdrawing his demurrer, without obtaining leave of the court to file an answer, left his case in a position to have his default noted at any time, upon the request of the plaintiff, and that the clerk was authorized to enter judgment against him, by default.

COMPLAINT ON JUDGMENT—SUFFICIENCY OF.—A complaint upon a judgment is sufficient if it describes the court in which the alleged judgment was rendered, the place where it was held, the names of the parties, the date at which it was entered, and the amount of the judgment.

DEFAULT SHOULD NOT BE SET ASIDE FOR MERE TECHNICAL DEFENSE.—A judgment entered by default should not be set aside upon affidavits, and an answer which failed to show that the defendant had a good and meritorious defense to the action. The judgment should not be set aside to enable the defendant to raise some technical objection.

JUDGMENT NUNC PRO TUNC.—Whenever a clerk fails to enter a judgment ordered by the court, it is within the power of the court to order such judgment to be entered *nunc pro tunc*.

IDEM—EVIDENCE TO AUTHORIZE ORDER FOR JUDGMENT.—A judgment roll containing an agreement and order for judgment, and the minutes of the court directing a judgment to be entered in accordance therewith, is competent evidence tending to establish the facts necessary to authorize the court to enter the judgment *nunc pro tunc*.

APPEALS from the District Court of the Sixth Judicial District, Lincoln County. The facts sufficiently appear in the opinion.

*Thompson Campbell, Geo. S. Sawyer, and T. W. W. Davies,* for Appellant:

[No. 1016.]

I. The judgment appealed from is void. The clerk was not authorized to enter the same. (*Providence Tool Co.* v. *Prader*, 32 Cal. 634; *Wilson* v. *Cleavland*, 30 Id. 192; *Kelly* v. *Van Auslin*, 17 Id. 564; 1 Comp. L. 1213). A demurrer is an answer within the meaning of the statute. (*Oliphant* v. *Whitney*, 34 Cal. 25.)

II. The complaint does not state facts sufficient to constitute a cause of action, and hence any judgment by de-

fault based upon it can not be sustained. (Freeman on Judgments, sec. 456; 1 Comp. L. 1122; *Keys* v. *Grannis*, 3 Nev. 548; *Young* v. *Wright*, 52 Cal. 407.)

III. When the party shows that he is not in fault, and that he has a legal defense upon the merits, the application to set aside the judgment by default should be granted.

IV. A judgment by default is appealable when the judgment is either void or irregularly entered. (*Livermore* v. *Campbell*, 52 Cal. 77; *People* v. *Greene*, 52 Id. 577; *Kidd* v. *The Four Twenty M. Co.*, 3 Nev. 381.)

[No. 1017.]

I. To prove the rendition of a judgment at a prior term of court, so as to allow of its entry *nunc pro tunc*, there must be some entry or memorandum on or among the records of the court. It must be in some book or record required to be kept by law in that court. The data for the entry must be found in the technical record, which is the judgment roll. (*Hahn* v. *Kelly*, 34 Cal. 421; *Croswell* v. *Byrnes*, 9 Johns. 290; Freeman on Judgments, secs. 76, 82; *Sharp* v. *Daugney*, 33 Cal. 505; *Spanegel* v. *Dellinger*, 34 Id. 476; *Hobbs* v. *Duff*, 43 Id. 485.)

II. The respondent lost all rights, if any he ever had, by his laches.

*A. B. O'Dougherty,* and *Kirkpatrick & Stephens,* for Respondent:

[No. 1016.]

I. The clerk had authority to enter judgment by default after the withdrawal of defendant's demurrer. (Civil Pr. Act, 172; 20 Cal. 116; 49 Id. 346.)

II. The testimony in support of defendant's motion to set aside the entry of default and judgment does not show any merits, and is, therefore, insufficient. (Freeman on Judgments, sec. 108.)

[No. 1017.]

The court had power to enter the judgment *nunc pro tunc.* (Freeman on Judgments, secs. 61–63; 6 Florida, 721; 15 Pa. 272; 7 Gray, 172; 9 Id. 209.)

By the Court, HAWLEY, J.:

In 1871 the plaintiff commenced an action against the defendant, in the district court of Lincoln county, upon a promissory note.

In 1872, after issue joined, the case was set for trial, and upon being called, it was, as the minutes of the court show, agreed in open court, by and between the respective attorneys, that the plaintiff should take judgment against the defendant in accordance with the prayer of the complaint, and for costs of suit. The agreement specifies the precise amount for which judgment is to be entered. In pursuance of this agreement, the court ordered judgment to be entered in favor of the plaintiff. No judgment was regularly entered in the judgment book by the clerk. A judgment roll was prepared, which contained a copy of the agreement and order for judgment, as set out in the minutes of the court.

In 1877, the plaintiff commenced an action upon said judgment. The record shows that a necessity existed for the commencement of this suit, nearly five years having elapsed since the entry of said judgment. The defendant, in the month of June, 1877, appeared and interposed a demurrer to the complaint. No further action was taken until the sixteenth of June, 1879, at which time the defendant's attorney filed with the clerk a written withdrawal of the demurrer. Thereafter, on the eighth day of August, 1879, the clerk of the district court entered judgment against the defendant by default. The defendant, subsequently, moved the court to set aside this judgment, and to allow him to answer the complaint. On the day this motion came up for hearing, the plaintiff moved, in the action brought in 1871, for judgment *nunc pro tunc*, as of May 31, 1872.

The court granted plaintiff's motion, and denied the motion of defendant. The appeal in case No. 1016 is taken from the order of the court, denying defendant's motion to set aside the default and judgment, and the appeal in No. 1017 is taken from the order of the court, granting plaintiff's motion for a judgment *nunc pro tunc*.

It is contended by appellant's counsel, that the clerk had no authority to enter the judgment by default. If the defendant had failed to appear in the case within the time prescribed by statute, the clerk would undoubtedly have been authorized to note his default and enter judgment against him. (1 Comp. L. 1213.)

This is not denied; but it is argued that, upon the filing of the demurrer, the clerk ceased to have any authority to act without an order of the court. This position is untenable. When the demurrer was withdrawn, the case stood in the same condition as if no demurrer had been filed. If the defendant desired to file an answer, he should have obtained an order of court granting him time to do so. By withdrawing his demurrer, without obtaining leave of the court to file an answer, he left his case in a position to have his default noted, at any time, upon the request of plaintiff. There was no exercise of any judicial functions by the clerk in entering the default. His act was purely ministerial, and was authorized by the statute.

The complaint states facts sufficient to constitute a cause of action. It describes the court in which the alleged judgment was rendered, the place where it was held, the names of the parties, the date at which it was entered, and the amount of the judgment. This is all the certainty that is required by the authority cited by appellant. (Freeman on Judgments, sec. 456.) If there was not in fact any such judgment, that was a matter of defense. By his default the defendant admitted all the material averments of the complaint, and they are sufficient to support the judgment.

The court did not abuse its discretion in refusing to grant appellant's motion to set aside the judgment and allow him to answer. Appellant's affidavit alleging misconduct on the part of his attorney in withdrawing the demurrer, is fully denied by the affidavit of the attorney. It fails to show that he had a good and meritorious defense to the action. The verified answer accompanying the affidavit presents only a technical defense. It is based upon the theory that the judgment sued upon was not regularly entered by the clerk. The statute should only be em-

ployed in furtherance of justice. It should not be used for the purpose of enabling a defendant to raise some technical objection. (Freeman on Judgments, sec. 108; *Jones* v. *San Francisco Sulphur Company*, 14 Nev. 172.)

This disposes of the appeal in case No. 1016.

It follows from the conclusions reached, that appellant would not be benefited, save as to the costs on appeal, if the order rendering judgment *nunc pro tunc* was reversed. But we are of opinion that the court did not err in ordering the judgment to be so entered. Whenever a clerk fails to enter a judgment ordered by the court, it is within the power of the court to order such judgment to be entered *nunc pro tunc*. Courts have a continuing power over their records, and can amend the same, or supply any defect or omission therein, if there is anything in the record to amend by.

The judgment roll containing the agreement and order for judgment, and the minutes of the court, was competent evidence tending to establish the facts necessary to authorize the court to enter the judgment *nunc pro tunc*. (Freeman on Judgments, sec. 63, and authorities there cited.)

The orders and judgments appealed from are affirmed.