[No. 1887]

AMANDA ESDEN, APPELLANT, *v.* JAMES MAY, JOHN NOLAN, AND GOLDEN HOTEL COMPANY, (A CORPORATION), RESPONDENTS.

1. JUDGMENT—SUCCESSIVE MOTIONS FOR SAME RELIEF.
   A default judgment entered by the clerk without authority was void, and the court of its own motion could set it aside and should do so, although a motion to set it aside on the ground of excusable neglect had previously been denied, notwithstanding district court rule 36 providing that no motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion after notice to the adverse parties.

2. JUDGMENT—DEFAULT JUDGMENT—ENTRY BY CLERK—"ANSWER."
   Under Rev. Laws, sec. 5236, providing that, in an action upon contract for the recovery of money or damages only if no answer has been filed within the time specified in the summons or such further time as may have been granted, the clerk on plaintiff's application shall enter defendant's default and immediately thereafter enter judgment against defendant, and that the word "answer" as used therein shall include any pleading that raises an issue of law or fact, whether it be by general or special appearance, while the filing of a demurrer is equivalent to the filing of an answer in preventing a default, where a demurrer to the complaint was sustained and a demurrer to an amended complaint was overruled, the demurrers had served their purpose and had no further effect, and upon defendant's failure to answer within the time allowed by the court the clerk could enter judgment by default.

Points decided

3. APPEAL AND ERROR—REVIEW—DISCRETIONARY MATTERS.

Ordinarily an appellate court will not disturb an order setting aside a default where the application is made on the ground of inadvertence or excusable neglect and supported by an affidavit or showing of merits.

4. JUDGMENT—DEFAULT—OPENING—DISCRETION OF COURT.

While the granting or denying of a motion to open a default on the ground of inadvertence or excusable neglect is within the discretion of the trial court, it is a legal discretion to be exercised liberally in the interest of justice.

5. APPEAL AND ERROR—REVIEW—PRESUMPTIONS.

Where the record showed that, on a motion to open a default on the ground of excusable neglect, the court admitted an English statute offered in evidence by plaintiff to support her contention that defendants could not be heard on their motion, but failed to show that the court acted in any way on such statute, it would not be assumed that he gave such contention serious consideration.

6. COMMON LAW—ADOPTION—EFFECT.

While, in adopting the common law of England, it was adopted as modified by certain statutes enacted by Parliament prior to the Revolution, only those provisions of such statutes which are applicable to our conditions and in no way conflict with our own statutory laws are in force in the state.

7. JUDGMENT — DEFAULT — OPENING — SHOWING OF MERITORIOUS DEFENSE.

Under Rev. Laws, sec. 5084, providing that the court may "in furtherance of justice" amend any pleading, etc., and that it may, upon such terms as may be just, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect, a default judgment cannot be set aside on the ground of excusable neglect unless a meritorious defense be shown.

8. JUDGMENT — DEFAULT — OPENING — SHOWING OF MERITORIOUS DEFENSE.

On an application to set aside a default judgment on the ground of excusable neglect, the affidavit and testimony of defendant's counsel that in his opinion a good and meritorious defense existed was not a sufficient showing of a meritorious defense, especially where the action was by a married woman to recover property held by her husband in trust for her from persons who obtained it from the husband at a gambling game while he was intoxicated, since the nature of the action was such as to require a clear showing of merits.

APPEAL from Second Judicial District Court, Washoe County; *John S. Orr,* Judge.

Action by Amanda Esden against James May, and others. From an order setting aside a default judgment,

plaintiff appeals.  **Reversed.**  Petition for a rehearing pending.

The facts sufficiently appear in the opinion.

*James Glinn,* for Appellant.

*Boyd & Salisbury,* for Respondents.

By the Court, TALBOT, C. J.:

This is an appeal from an order setting aside a judgment entered by the clerk upon a default for failure to answer within the time allowed by order of court. To plaintiff's original complaint a demurrer was interposed by defendants, respondents herein, and the demurrer confessed. Plaintiff then filed an amended complaint, to which a demurrer was again interposed, but the same was overruled. Defendants, by order of court, were given ten days thereafter to file their answer to the amended complaint. Not having filed their answer within the time allowed by the order of court, the default of the defendants and a judgment upon default were entered by the clerk. The day following the entry of the default and the default judgment the defendants filed a motion to set aside the default and default judgment and to permit defendants to answer. This motion was based upon the ground of excusable neglect and was supported by the affidavit of one of defendant's attorneys.

A counter affidavit made by the attorney for the plaintiff was filed. The motion coming on to be heard was denied. Subsequently defendants, through their attorneys, filed a notice of motion to vacate and set aside the judgment upon the ground that the same was entered by the clerk without authority of law and was void. Objections to and a motion to strike out the latter motion were interposed by plaintiff's attorney upon the ground that the court was without jurisdiction to consider it; that it was filed without leave of court or authority of law, in violation of district court rule 36; and that the defendants were without standing before

the court entitling them to file such motion or to be heard thereon.

1. The latter motion to set aside the judgment coming on to be heard was granted upon the ground that the clerk entered the judgment without authority of law so to do, and for which reason it was void.

District court rule 36 provides: "No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties."

In so far as the second notice to set aside the default and default judgment was based on the same grounds as were embodied in the first motion and were passed upon by the court in denying that motion, it was contrary to the rule to incorporate them in another motion without notice to the adverse party and leave granted by the court. The second motion filed, however, raised a question, not embraced in the first motion, which went to the validity of the judgment. If the clerk was without power to enter the judgment, the judgment was void, and the court, even of its own motion, could set it aside, and it would be its duty to do so.

2. The order setting the judgment aside was based solely upon the ground that the clerk was without power to enter default and judgment thereon, although the time for answering had expired, for the reason that there had been filed in the case by defendants, and overruled by the court, a demurrer which raised an issue of law. Whether the order can be supported on this ground depends upon the construction to be placed upon the section of the statute prescribing when a default judgment may be entered by the clerk without an order of court.

Section 152 of the old practice act, as amended in 1907 by the addition of a sentence defining the meaning of the word "answer" as used in the section, corresponds to section 5236 of the Revised Laws, which reads: "Judgment may be had, if the defendant fail to answer the complaint, as follows: (1) In an action arising upon contract for the recovery of money or damages only, if no

answer has been filed with the clerk of the court within
the time specified in the summons, or such further time
as may have been granted, the clerk, upon the applica-
tion of the plaintiff, shall enter the default of the defend-
ant, and immedialely thereafter enter judgment for the
amount specified in the summons, including the costs,
against the defendant, or against one or more of several
defendants, in the cases provided for in section 89.  (2)
In other actions, if no answer has been filed with the
clerk of the court within the time specified in the sum-
mons, or such further time as may have been granted,
the clerk shall enter the default of the defendant; and
thereafter the plaintiff may apply at the first, or any,
subsequent term of the court, for the relief demanded in
the complaint.  If the taking of an account, or the proof
of any fact, be necessary to enable the court to give
judgment or to carry the judgment into effect, the court
may take the account, or hear the proof, or may, in its
discretion, order a reference for that purpose.  And
where the action is for the recovery of damages, in
whole or in part, the court may order the damages to
be assessed by a jury; or if, to determine the amount of
damages the examination of a long account be necessary,
by a reference, as above provided.  (3)  *  *  *  The
word "answer" used in this section shall be construed to
include any pleading that raises an issue of law or fact,
whether the same be by general or special appearance."

The clerk in entering default or judgment has only
such power as is specifically granted by the statute.  The
section as quoted provides in subdivision 1 that "in an
action arising upon contract for the recovery of money
or damages," and in subdivision 2 that "in other actions
if no answer is filed with the clerk of the court within
the time specified in the summons, or such further time
as may have been granted," the clerk shall enter the
default of the defendant.  This action falls within sub-
division 1; but, so far as the entry of default is concerned,
it makes no difference in which subdivision it falls, for
the clerk, without an order of the court, is authorized by
the two subdivisions to enter default in all cases if no

answer has been filed within the time specified in the summons or such further time as may have been granted.

Whether after the entry of a default the judgment should be entered by the clerk, without an order of the court, depends upon the character of the action, and, in "actions arising upon contract for the recovery of money or damages only," the clerk is authorized to enter judgment without the order of the court, because in such actions the judgment is always for the amount claimed, and the entry of judgment for that amount is a mere ministerial act. In other cases, notwithstanding the entry of a default, this is not so, but the plaintiff may submit proof, and it is the duty of the court, acting judicially, to determine the just and proper amount or relief to which the plaintiff is entitled and to order judgment accordingly. An action for the foreclosure of a mortgage and to obtain a decree of sale is an example of one in which the court must act before judgment can be entered after default.

The provision that the word "answer" used in the section should be construed to include any pleading that raises an issue of law or fact, whether the same be by general or special appearance, may be considered as providing that a demurrer or pleading raising an issue of law is, in a general sense, an answer and, if filed within the time required for answering, as sufficient to prevent the entry of a default. Notwithstanding under that section, as well understood in practice, the filing of a demurrer is equivalent to the filing of an answer in preventing a default and in constituting an appearance, the language used in the statute should not be construed as intending or providing that a demurrer or pleading raising an issue of fact has the effect of an answer in all respects. Such demurrer or pleading raising an issue of law certainly could not be held to be an answer raising an issue of fact or alleging new matter as a defense or as presenting an issue for trial by jury. The filing of a demurrer to the original complaint in this case was equivalent to an answer in preventing the entry of a default, and the same was true of the demurrer to the amended complaint until passed upon by the court. After the original demurrer

had been sustained and the demurrer to the amended complaint had been overruled, they had served their purposes and had no further effect.

When the defendants failed to file their answer to the amended complaint within the ten days allowed by the order of the court after the overruling of the demurrer to the amended complaint, they were as much in default as if they had never filed any demurrer or had never appeared in any way after service of summons; and, the action being one for the recovery of money, the clerk in entering default and judgment was acting directly within the provision of the statute that, "if no answer has been filed * * * within such further time as may have been granted, the clerk upon the application of the plaintiff shall enter the default of the defendant and immediately thereafter enter judgment for the amount specified in the summons, including costs against the defendant, or against one or more of several defendants." Any other construction would result in requiring the court to make useless orders for the direction of the clerk to perform the ministerial act of entering judgment in actions for money or damages in which, upon default, judgment is entered for the amount claimed and in unnecessary delay in the entry of these default judgments in counties in which the district judge does not reside or when he is absent from the county in which he does reside.

In *Ewing* v. *Jennings,* 15 Nev. 379, the defendant filed a demurrer, and subsequently his attorney filed with the clerk a written withdrawal of the demurrer. It was held that after the withdrawing of the demurrer, without leave of the court to file an answer, the clerk was authorized to enter default and judgment upon the request of the plaintiff.

Under a statute similar to ours as it existed before the amendment of 1907, the Supreme Court of California, in an early decision, held that a demurrer was an answer within the meaning of the section. (*Oliphant* v. *Whitney,* 34 Cal. 25.) This court also so construed the statute in *Winter* v. *Winter,* 8 Nev. 136. Issues of law or fact might

be raised otherwise than by demurrer or answer to the merits which would be determined without subjecting the defendant to liability of default. For example, a defendant appears specially for the purpose of moving to set aside the service of summons. This motion raises an issue of law, but, prior to the amendment of 1907, such motion did not affect the power of the clerk to enter a default and default judgment. (*Higley* v. *Pollock*, 21 Nev. 198.) While the Supreme Court of California had held that a demurrer was an answer within the meaning of the section, it had also held that a motion to dismiss did not take from the clerk the power to enter a default pending its hearing. (*Shinn* v. *Cummins*, 65 Cal. 98, 3 Pac. 133; *McDonald* v. *Swett*, 76 Cal. 258, 18 Pac. 324.)

In the case of *Stark* v. *Raney*, 18 Cal. 622, the question of the power of the clerk to enter the judgment was raised, and it was held that a judgment entered by the clerk upon request of the plaintiff, upon failure to answer within the time allowed by the court after overruling a demurrer, was properly entered. This was a construction of that portion of subdivision 1 of the section reading: "Or such further time as may have been granted." At the time this decision was rendered, it is true the court had not construed the word "answer" in the section to include a demurrer, but it may, we think, be assumed that such construction was recognized at the time of the decision in the Stark case. No good reason suggests itself why a default ought not to be entered for failure to answer within the time granted by the court after overruling a demurrer the same as in the case of failure to answer within the time commanded by the summons. It follows that the reason given in the order setting aside the default is erroneous.

**3, 4.** It is contended that, regardless of the reasons given by the court in setting aside the default, the order should be affirmed because a showing was made justifying the order upon the ground of excusable neglect. Ordinarily an appellate court will not disturb an order setting aside a default regularly entered where the

application is made to the court upon the ground of inadvertence or excusable neglect, supported by an affidavit or showing of merits. While the granting or denying of such a motion is within the discretion of the trial court, it is a legal discretion, to be exercised liberally in the interest of justice. So far as the record in this case shows, the application to set aside the default upon the ground of excusable neglect was denied. The court below appears to have been particular in entering its subsequent order setting aside the default to include in the order as the ground upon which it was made the want of power in the clerk to enter the default. It would seem from this that the court below still adhered to its view that, if the default and default judgment were regularly entered, the showing was insufficient to justify the exercise of the court's discretion to set it aside.

**5, 6.** It is contended by counsel for respondent that the first motion was denied upon the ground that the court accepted the contention of plaintiff's counsel that, under certain provisions of the statute of Queen Anne, defendants could not be heard upon their motion. There is nothing in the record to support this contention. The record does show that, when counsel for plaintiff offered in evidence the section of the statute of Anne upon which he relied, the court admitted the same, but there is nothing to indicate that the court acted in any way upon it. While this court has held that, in adopting the common law of England, it was adopted as modified by certain statutes enacted by Parliament prior to the Revolution, and that the statute of Anne relative to gambling contracts was therefore a part of the law of this state (*Evans* v. *Cook*, 11 Nev. 69; *Burke* v. *Buck*, 31 Nev. 74, 22 L. R. A. n.s. 627, 21 Ann. Cas. 625), it does not follow that all of the provisions of that statute are in force. Only those provisions are in force which are applicable to our conditions and not in conflict with our own statutory law. Our own statute governing matters of practice controls. As there is no showing that the court

below gave this contention serious consideration, we do not feel justified in assuming that it did.

**7, 8.** It may be conceded that, so far as excusable neglect is concerned, the showing was sufficient. But this showing is not enough to require the court to set aside a judgment. The court exercises its discretion only "in furtherance of justice." (Rev. Laws, 5084.) This requires some showing of a meritorious defense to be made. At the time the first notice to set aside the default was made, there was nothing before the court but the affidavit and testimony of counsel. Subsequent to the hearing, and before the decision, an answer consisting of denials of plaintiff's allegations was filed. It does not appear that this answer was filed by permission of court or that the court's attention was called thereto. The affidavit of counsel for defendants sets forth merely that "affiant is advised and believes that the defendants have a meritorious and perfect defense in said action and to the merits of said action." One of defendants' counsel testified upon the hearing. The court ruled that he could not testify as to what his clients had informed him as to the nature of their defense. No attempt was made to procure their testimony. The counsel testified that he "intended to file an answer setting up the facts in the case," and that "in his opinion a good and meritorious defense exists to the merits of this action." Is this a sufficient showing of merits? In the recent case of *Sherwin* v. *Sherwin*, 33 Nev. 321, we said: "In the affidavit of counsel for defendant, in support of the motion to set aside the judgment, was the mere statement that 'affiant is familiar with the defense to be interposed in this action, and he believes such defense to be good and meritorious.' No other showing appears by the record to have been made, and it cannot be said that the court erred in deeming this insufficient."

In *Stretch* v. *Montezuma Mining Co.*, 29 Nev. 163, we said: "Every case depends largely upon its own facts, but courts are liberal in relieving defendants from defaults when they offer a good defense and have not been guilty of inexcusable delay."

In *Horton* v. *New Pass Co.*, 21 Nev. 184, it was held that an affidavit of merits was sufficient, "although made only by the attorney." The opinion states: "From the affidavit upon which the motion was based and the accompanying exhibits, one of which is its proposed answer, it appears *prima facie* that this defendant has a good and sufficient defense to the action upon the merits. It is shown that the company," etc.

In *Nevada Con. M. Co.* v. *Lewis*, 34 Nev. 500, which was an action in equity to set aside a default judgment, we said: "A court of equity will not as a general rule set aside or enjoin the enforcement of a judgment regularly obtained by default in the absence of a showing of a good and meritorious defense to the original action."

In *Ewing* v. *Jennings*, 15 Nev. 382, in considering an affidavit on a motion to set aside a default and allow the defendant to answer, the court said: "It fails to show that he had a good and meritorious defense to the action. The verified answer accompanying the affidavit presents only a technical defense. It is based upon the theory that the judgment sued upon was not regularly entered by the clerk. The statute should only be employed in furtherance of justice. It should not be used for the purpose of enabling a defendant to raise some technical objection. (Freeman on Judgments, sec. 108; *Jones* v. *San Francisco Sulphur Co.*, 14 Nev. 172.)"

The nature of this action was such as to warrant the court in requiring a clear showing of merits. The complaint, among other matters, alleged that plaintiff was the owner as her separate property of a certain certificate of deposit in the 'sum of $3,000, issued by the Washoe County Bank of Reno in the name of her husband, and by him held in trust for plaintiff; that the defendants were engaged in gambling for money and owned and controlled a certain roulette wheel in the Golden Hotel in Reno, conducted by defendants; that the husband of plaintiff wrongfully, and without her consent, pledged and deposited the certificate of deposit with the Nye and Ormsby County Bank; that her said husband

drew against the certificate of deposit ten certain checks aggregating $2,580 and delivered the same to defendants for money which he played against and lost at such gambling game; that her husband was induced by defendants, their agents and employees, to gamble this money away at a time when he was so intoxicated as to be wholly incapable and incompetent to transact any business whatever.

While the showing of merits in this case was insufficient, under the authorities cited, the allegations of the complaint were such as to justify a court in requiring a showing of facts that would warrant a conclusion that a good defense might exist.

The default and judgment having been properly entered by the clerk, and no cause appearing for setting them aside, the order of the district court from which this appeal is taken is reversed.

NORCROSS, J.: I concur.

NOTE—McCARRAN, J., having become a member of the court after the argument and submission of the case, did not participate in the decision.

[Petition for a rehearing pending.]