[No. 2222]

JAMES REGAN, RELATOR, *v.* W. T. KING, JUSTICE OF THE PEACE IN AND FOR CARSON TOWNSHIP, ORMSBY COUNTY, STATE OF NEVADA, RESPONDENT.

[156 Pac. 688]

1. JUSTICES OF THE PEACE—STATUTORY PROVISIONS—CONSTRUCTION —ANSWER.

Since the civil practice act, section 294 (Rev. Laws, 5236), providing for entry of judgment for the plaintiff where defendant fails to answer, and that an answer shall include any pleading that raises an issue of law or fact, whether by general or special appearance, is not made applicable to justices' courts by reason of civil practice act, sec. 873 (Rev. Laws, 5815), providing that only the provisions of the act which are in their nature, or which have been made, applicable, are applicable to justices' courts and the proceedings therein, because civil practice act, sec. 812 (Rev. Laws, 5754), sets forth·a separate and complete system governing trials and judgments in the justice court, similar to the system prescribed by section 294; and when a separate and independent section is found in the practice act covering the·matter of pleading in the justice court, it must be construed that the legislative intent was to limit the provisions of section 294 to the district court; the relator's special appearance challenging the jurisdiction of the justice court was not affected by the provisions of section 294 and was not an answer.

2. JUSTICES OF THE PEACE—JURISDICTION—STATUTE.

Under civil practice act, section 812, governing trials and judgments in the justice court, and providing that where the defendant fails to answer within the time specified in the summons, the court may render judgment in favor of the plaintiff, where the plaintiff appeared specially and filed a motion to dismiss the complaint, but did not answer, the justice did not exceed his jurisdiction in entering a default against a defendant and denying him time to answer after the time prescribed by law had expired.

3. LANDLORD AND TENANT—UNLAWFUL DETAINER—TREBLE DAMAGES.

Rev. Laws, 5599, concerning unlawful detainer and providing that "judgment shall be rendered against the defendant * * * for the rent and for three times the amount of damages assessed," does not clearly authorize the trebling of the amount of rent found due, as the statute mentions other elements of damage, such as waste, and while the legislature has used language to indicate that in some way treble damages are to be recovered from tenants holding over, the statute having failed to show what damages should be trebled, as penalties and forfeitures will not be extended by implication and doubtful construction, no such judgment can be rendered against a tenant holding over.

ORIGINAL PROCEEDING in *certiorari,* on the relation of James Regan, against W. T. King, Justice of the Peace in and for Carson Township.  **Order denied.**

*William W. Griffin,* for Relator:

An answer is such whether filed in the district or the justice court; and unless there be something absolutely inconsistent with its application to the practice and proceedings in the latter court, it must necessarily apply there.

A writ of *certiorari* lies to correct any legal mistake. (2 R. C. L. 327–337.)  The function of the writ is simply to ascertain the validity of proceedings before a justice of the peace, either on the charge of their invalidity because the essential forms of the law have not been observed, or for want of jurisdiction in the court.   (5 R. C. L. 251.)

Relator is entitled to have his day in court, to demur or answer, as he may deem proper.   (Rev. Laws, 5236, 5274, 5815.)

*John M. Chartz,* for Respondent:

The writ of *certiorari* should not be granted, unless it

be found that the lower court did not have jurisdiction of the case. Relator, having filed a special appearance, withheld himself from the jurisdiction of the court, and was bound to stand upon the order denying his motion, and could have appealed from said order to the district court. (*Kapp* v. *District Court*, 31 Nev. 444.)

A judgment by default is not reviewable upon *certiorari*. (*Skerer* v. *Superior Court*, 96 Cal. 653; *Hetzel* v. *Commissioners*, 8 Nev. 359.)

Relator was in default in the justice court. (*Higley* v. *Pollock*, 21 Nev. 198; *Mantle* v. *Vasey*, 78 Pac. 591; *Murphy* v. *Minot F. & M. Co.*, 139 N. W. 518.)

Section 5236, Revised Laws, does not apply, the same having reference to pleadings in the district court. Section 5815, Revised Laws, governs proceedings in the justice court. The powers of the justice court are determined by the provisions of the code expressly applicable to them, and not by provisions expressly applicable to courts of record. (*Weimer* v. *Sutherland*, 74 Cal. 341.)

By the Court, MCCARRAN, J.:

This is an original proceeding in *certiorari*. Upon the petition of relator, an order was issued, directing the respondent to show cause why a writ of *certiorari* should not issue. By stipulation, the entire matter may be considered as though the writ had issued in the first instance.

An action was commenced in the justice court of Carson township by Ford, McLaughlin, and Kitzmeyer against the relator, James Regan. The complaint was filed in that court on the 16th day of February, 1916; and on the 18th of the same month petitioner here, who was defendant in the action, appeared specially and filed a motion to dismiss the complaint, upon the ground that the court had no jurisdiction of the subject-matter of the action.

On the 19th of February, an order was made in the justice court setting the hearing on said motion for the 23d day of February at 10:30 a. m.

On the 24th day of February, the matter being considered by the court, an order was issued denying Regan's

motion to dismiss. On the same day, to wit, the 24th day of February, attorney for plaintiffs Ford, McLaughlin, and Kitzmeyer asked that judgment be entered against the defendant, Regan, on the ground that he had failed to appear within the time limit of five days contained in the summons, as prescribed by law. Attorney for defendant, relator herein, being present in court, asked time in which to answer. The matter being submitted, the court on the 24th day of February rendered judgment denying the defendant time to answer, on the ground that the time as prescribed by law had expired, and at the same time granted plaintiff's motion for a judgment.

On the 29th day of February, the court heard evidence in behalf of the plaintiff and entered judgment in their behalf for the sum of $210, the same being triple damages, for $25 attorney's fees, and costs of court, and for a writ of restitution covering certain property described in the complaint.

**1, 2.** It is the contention of petitioner here that the respondent, as justice of the peace, exceeded his jurisdiction when, on the 28th day of February, he refused to allow petitioner to answer the complaint and make defense to the merits. He asserts that the special appearance made for the purpose of testing the jurisdiction of the court constituted an answer, and in this respect respondent refers to the several provisions of our civil practice act. Section 294 of that act (Rev. Laws, 5236) is as follows:

"Judgment may be had, if the defendant fail to answer the complaint, as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the clerk of the court within the time specified in the summons, or such further time as may have been granted, the clerk, upon the application of the plaintiff, shall enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons. *   *   *

"2. In other actions, if no answer has been filed with the clerk of the court within the time specified in the

summons, or such further time as may have been granted, the clerk shall enter the default of the defendant; and thereafter the plaintiff may apply at the first, or any subsequent term of the court, for the relief demanded in the complaint. * * *

"3. * * * The word 'answer' used in this section shall be construed to include any pleading that raises an issue of law or fact, whether the same be by general or special appearance."

Section 812 of the civil practice act (Rev. Laws, 5754) is as follows:

"If the defendant fails to appear, and to answer or demur within the time specified in the summons, then, upon proof of service of summons, the following proceedings must be had:

"1. If the action is based upon a contract, and is for the recovery of money, or damages only, the court must render judgment in favor of the plaintiff for the sum specified in the summons.

"2. In all other actions the court must hear the evidence offered by the plaintiff and must render judgment in his favor for such sum (not exceeding the amount stated in the summons) as appears by such evidence to be just."

Section 873 of the civil practice act (Rev. Laws, 5815) provides:

"Justices' courts being courts of peculiar and limited jurisdiction, only those provisions of this act which are, in their nature, applicable to the organization, powers, and course of proceedings in justices' courts or which have been made applicable by special provisions in this title, are applicable to justices' courts and the proceedings therein."

It is by reason of this latter section that relator contends that the provisions of the third paragraph of section 294 is applicable to the justice court, and hence that his special appearance was an answer within the contemplation of that section.

Section 294 of the civil practice act undoubtedly affects proceedings in the district court. (*Esden* v. *May*, 36 Nev.

611, 135 Pac. 1185.) But that it does not pertain to the justice court is made manifest from the fact that section 812 of the practice act sets forth a separate and complete system governing trials and judgments in the justice court; a system prescribed to meet the same contingencies that are contemplated by section 294. While it is true that the provisions of section 294, wherein the word "answer" is declared to include any pleading that raises an issue of law or fact, might and in fact would be applicable to justice court practice, yet when a separate and independent section is found in the practice act covering the matter of pleading in the justice court, it must be construed that the legislative intent was to limit the provisions of section 294 to the district court.

Viewing the statute thus, we must conclude that relator's special appearance, challenging the jurisdiction of the court, was not affected by the provisions of section 294, and hence was not an answer.

The act of the justice of the peace in entering the default of the defendant was not in excess of his jurisdiction. We may add, however, that it is customary, and, we think, highly proper, that in such cases reasonable time is granted within which for the party to answer to the merits. Unless a litigant is wilfully trifling with the time of the court, and no such attitude appears in this case, the very justice of the situation demands that he be permitted to appear and defend on the merits, if he has such defense. In the matter as it is before us in this proceeding, the question is: Did the justice of the peace exceed his jurisdiction? The wording of the statute makes it possible for the justice to do as was done here, and he cannot be successfully accused of exceeding his jurisdiction for so doing. By this means, however, an avenue is open for gross miscarriage of justice, in that a litigant may be cut off from an opportunity to interpose a legitimate defense—may be deprived of his day in court.

**3.** The action against the respondent was commenced under section 5699, Revised Laws, which provides:

"If, upon the trial, the verdict of the jury, or, if the case be tried without a jury, the finding of the court be in favor of the plaintiff and against the defendant, judgment shall be entered for the restitution of the premises; and, if the proceeding be for unlawful detainer after neglect or failure to perform any condition or covenant of the lease or agreement under which the property is held, or after default in the payment of rent, the judgment shall also declare the forfeiture of such lease or agreement. The jury, or the court if the proceeding be tried without a jury, shall also assess the damages occasioned to the plaintiff by any forcible entry, or by any forcible or unlawful detainer, and any amount found due the plaintiff by reason of waste of the premises by the defendant during the tenancy, alleged in the complaint and proved on the trial, and find the amount of any rent due, if the alleged unlawful detainer be after default in the payment of rent; and the judgment shall be rendered against the defendant guilty of forcible entry, or forcible or unlawful detainer, for the rent and for three times the amount of the damages thus assessed. When the proceeding is for an unlawful detainer after default in the payment of the rent, and the lease or agreement under which the rent is payable has not by its terms expired, execution upon the judgment shall not be issued until the expiration of five days after the entry of the judgment, within which time the tenant, or any subtenant, or any mortgagee of the term, or any other party interested in its continuance, may pay into court for the landlord the amount of the judgment and costs, and thereupon the judgment shall be satisfied, and the tenant be restored to his estate; but if payment, as herein provided, be not made within the five days, the judgment may be enforced for its full amount, and for the possession of the premises. In all other cases the judgment may be enforced immediately."

The complaint in the action prayed:

"For restitution of the premises and for damages for the rents and profits thereof; that such damages may be

trebled as damages for the occupation and unlawful detention and holding over of the same, amounting to $210; and for $25 attorney's fees; and for costs of this action."

Pursuant to this prayer, it appears, judgment was entered accordingly. The language appearing in section 5599, Rev. Laws, *supra*, reading, "And the judgment shall be rendered against the defendant * * * for the rent and for three times the amount of the damages thus assessed," does not, we think, clearly authorize the trebling of the amount of rent found due, for the statute mentions other elements of damage, such as "waste," etc.

While the language of the statute under consideration is not precisely the same as that in the statute considered in the case of *Hoopes* v. *Meyer*, 1 Nev. 446, we think the following quotation from the opinion in that case is applicable so far as trebled damages for rent due, under the provisions of the section:

"Whilst, then, we think the legislature has used language which would seem to indicate that in some way treble damages were to be recovered from tenants holding over, the statute has utterly failed to show what damages should be trebled. Under, then, the well-known principle that penalties and forfeitures will not be extended by implication and doubtful construction, we feel justified in holding that this section does not authorize treble damages in any specific class of cases, and no such judgment can be rendered against a tenant holding over."

This matter, while not strictly before us in these proceedings, is so apparent from the record that we deem it of sufficient importance to make mention thereof, that the justice may by his own motion, or otherwise, correct the judgment or set aside the same.

The order as prayed for is denied. It is so ordered.

NORCROSS, C. J.: I concur.

COLEMAN, J.: I concur in the order.