[No. 2142]

HARRY BLUNDIN, APPELLANT, *v*. MARY BLUNDIN, RESPONDENT.

[147 Pac. 1083]

1. DIVORCE—VACATION OF DECREE—EVIDENCE.

The court, on application to vacate a divorce decree on the ground of fraud, may not grant relief based on a private letter addressed to him and the contents of which are unknown to the opposing party or his counsel until it is filed as a basis of the order, and the court, if deeming the matters stated in the letter of sufficient importance, should direct counsel of the parties to investigate the same and present the matter by affidavits.

APPEAL from Second Judicial District Court, Washoe County; *Thomas F. Moran,* Judge.

Action for divorce by Harry Blundin against Mary Blundin. From an order vacating a judgment for plaintiff, he appeals. **Reversed.**

*J. M. Frame* and *J. S. Parker,* for Appellant.

*Lunsford & Fowler,* for Respondent.

By the Court, NORCROSS, C. J.:

This is an appeal from an order setting aside a judgment and decree of divorce in favor of the above-named appellant. The motion to vacate the judgment was based upon the following grounds:

"That the said decree does not constitute a legal decree; that the said decree was obtained through fraud, and is therefore a fraudulent decree."

The motion came on for hearing on the 5th day of July, 1913, upon affidavits filed and oral testimony introduced by the respective parties. The transcript on appeal recites that:

"After considering the matter, the court announced from the bench, in substance, that there was no fraud shown in this case, but that he would allow the defendant to make a showing of merit, and, if she could show

that she had any defense to the plaintiff's complaint, he would give her a chance to be heard, and that he would give the defendant time to file an additional affidavit showing a meritorious defense if she could, and the hearing was continued for that purpose."

The matter came on for further hearing on the 26th day of September, 1913, at which time a further affidavit of the plaintiff was read and filed. The transcript recites the following account of the proceedings had upon this date:

"After the case had been fully argued and submitted, the court announced that the motion would be granted and the judgment set aside. At this time the court further announced, in substance, that he had a letter in his possession which he then produced and showed to the attorneys, and had the same filed as an exhibit in the case, over the protest and objections of the plaintiff, and at the same time stating, in substance, that it was on this letter that he based his decision."

Thereupon the court ordered that the judgment be set aside on condition that defendant answer within twenty-five days thereafter. Error is assigned in the granting of the motion; in admitting the second affidavit of the defendant; and in considering and placing in the record the letter written to the judge.

It appears from the motion to set aside the judgment that it was based solely upon the ground that the decree was obtained through fraud. It also appears from the transcript that the court found that there was no fraud in the procuring of the decree. The finding that there was no fraud in the matter of the securing of the judgment finds support in the affidavits and other proof offered on behalf of the plaintiff. As the court specifically found that there was no fraud in the procuring of the decree, the order setting the same aside must be justified, if it can be justified at all, upon some other basis. We are satisfied from a consideration of the transcript that there is no legal basis upon which this order can be sustained. Had the application to set aside the judgment been based upon the statutory ground of

mistake, inadvertence, surprise, or excusable neglect, there is evidence in the record which might tend to support such an order.

Section 142 of the civil practice act (Rev. Laws, sec. 5084) provides:

"The court may likewise, upon affidavit showing good cause therefor, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars, and may upon like terms allow an answer or reply to be made after the time limited; and may, upon such terms as may be just, and upon payment of costs, relieve a party or his legal representatives from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

It appears from the transcript not only that the motion to set aside was not based upon the above provision of the statute, but that the court was influenced largely, if not entirely, in the making of the order, by a letter received by him from an attorney residing in Philadelphia, dated December 7, 1912, and addressed: "To the Judge, Washoe County, Reno, Nevada."

It would be a dangerous precedent to hold that an order setting aside a judgment, even in a divorce proceeding where the rule is very liberally applied, could be determined upon unverified statements contained in a letter addressed to the judge, and of the contents of which neither the opposing party or his counsel are aware until it is filed as a basis of the order. While trial courts are to be commended in their desire to give both parties every reasonable opportunity to be heard, the only appropriate course to have pursued, if the court felt that matters stated in a private letter were of importance, if true, to call the attention of the same to counsel, with directions to investigate the same, and, if the statements could be supported, to present them to the court in the regular way by affidavit.

The order appealed from is reversed.