## GUARDIA v. GUARDIA

No. 2646

October 4, 1924.                              229 Pac. 386.

1. DIVORCE—STATUTE EMPOWERING COURTS TO SET ASIDE DEFAULT JUDGMENTS LIBERALLY CONSTRUED.
   Statute empowering courts to set aside default judgments is remedial. and should be liberally construed, especially in divorce actions.

2. JUDGMENT—ATTORNEY'S MISCALCULATION OF TIME TO PLEAD OR APPEAR INSUFFICIENT GROUND TO SET ASIDE DEFAULT.
   Attorney's miscalculation of time to plead or appear is insufficient ground to set aside default judgment.

3. JUDGMENT— SUPREME COURT INDULGENT IN SETTING ASIDE DEFAULTS, BECAUSE OF ATTORNEY'S EXCUSABLE NEGLECT.
   Generally, attorney's negligence is imputable to his client, who cannot be relieved from judgment taken against him in consequence thereof, but supreme court is quite indulgent in setting aside defaults in consequence of attorney's excusable neglect, if party himself was not directly in fault.

4. DIVORCE—REFUSAL TO SET ASIDE DEFAULT DECREE HELD NOT ABUSE OF DISCRETION.
   Trial judge *held* not to have abused discretion in refusing to vacate default decree of divorce on wife's motion, in view of facts showing that she had no meritorious defense, and that to open case could only result in determining amount of alimony.

See (1, 4) 19 C. J. sec. 408, p. 162, n. 49; sec. 409, p. 162. n. 56; sec. 412, p. 163, n. 72; (2, 3) 34 C. J. sec. 527, p. 307, n. 81; p. 709, n. 86.

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett,* Judge.

Suit by Harry A. Guardia against Myra C. Guardia. Decree for plaintiff. From a judgment and order refusing to vacate and set aside the decree, defendant appeals. **Order affirmed.**

*Huskey & Kuklinski,* for Appellant:

In divorce action, upon very slight showing court will set aside default, if application be made in due time. Rule concerning defaults in divorce cases is not as harsh as in other cases. Rebfuss v. Rebfuss, 145 Pac. 1020.

Discretion of court to. set aside defaults should be liberally exercised to end that causes may be determined on merits. Horton v. New Pass Co., 21 Nev. 184.

Courts will be liberal in setting aside default where meritorious defense is shown to exist, and where failure to answer is due to excusable mistake or negligence. Bawmann v. Nevada Colony Corporation, 44 Nev. 10.

It is hard to lay down general rule as to when default should be opened. Each case depends largely on its own facts. Stretch v. Montezuma M. Co., 29 Nev. 163; Esden v. May, 36 Nev. 611; Rev. Laws, 5084.

Negligence of attorney is excusable if due to honest mistake, even though client, of course, must be free from negligence. 23 Cyc. 939.

Affidavit of merits is not required on motion to set aside judgment in action for divorce. Rebfuss v. Rebfuss, supra; State v. Moore (Nev.), 207 Pac. 75.

*Wayne T. Wilson,* for Respondent:

Unless appellant's attorneys can bring their prayer for relief within strict meaning and intent of Rev. Laws, 5084, and show some mistake, inadvertence, surprise or excusable neglect and, in addition, show that trial court abused discretion to end that it defeats substantial justice, there should be no relief.

It is not ground for opening default that, due to too much business, attorney forgets to file appearance. Lovel v. Willis, Ann. Cas. 1914B, 587; 23 Cyc. 939.

Having meritorious defense is not ground for setting aside default. Rev. Laws, 5084.

Claim that appellant's counsel relied upon respondent's attorney to keep them informed of state of case is absurd, but even if it were breach of ethics it would not be sufficient reason to set aside decree which answered requirements of law. Nevada Con. Mng. Co. v. Lewis, 34 Nev. 521.

Appellant's counsel had full knowledge of pendency of case for fifty-seven days, and were retained during that time, yet neglected to file appearance. That is inexcusable neglect and appellant is responsible for it, as negligence of attorney is negligence of client. 23 Cyc. 939.

## OPINION

By the Court, SANDERS, J.:

On August 16, 1923, Harry A. Guardia filed suit in the district court for Washoe County against his wife, Myra C. Guardia, for divorce, upon the ground of desertion. In lieu of service by publication, the defendant being a nonresident, a certified copy of the summons and complaint was served, personally, upon the defendant at her place of residence in California, on September 1, 1923. The defendant did not appear. On October 13, 1923, the plaintiff caused the default of the defendant to be entered, and on that day was granted a divorce, wherein the defendant was awarded the custody of the infant child of their marriage and plaintiff was ordered to pay to the defendant the sum of $30 per month for the maintenance and education of the child during its minority, and until the further order of the court. On October 15, 1923, the defendant moved to vacate and set aside the judgment, upon the ground of surprise, inadvertence, and excusable neglect. On November 3, 1923, the motion was denied. The defendant appeals from the judgment and order refusing to vacate and set aside the decree of divorce.

The motion to vacate was supported by the affidavit of the defendant and the affidavit and testimony of her attorney, H. W. Huskey. The motion was opposed by counter affidavits of the plaintiff and his attorney, Wayne T. Wilson. The trial judge made no findings of fact, and the entire proceeding is before us for review upon a bill of exceptions containing apparently a full transcript of the proceeding. We are asked to reverse the order, with directions to the trial court to permit the defendant wife to defend the case upon its merits.

1. The law and the practice in such cases as this is so well settled that no time need be spent in reviewing the authorities; it having been repeatedly decided that the statute empowering courts to set aside default judgments is remedial and should be liberally construed (Bowman v. Bowman, 47 Nev. 207, 217 Pac. 1102),

especially in divorce actions (Blundin v. Blundin, 38 Nev. 212, 147 Pac. 1083).

2.   It is contended that the trial court abused its discretion in refusing to vacate the judgment  The substance of this contention is that the attorneys for the defendant miscalculated the time for appearance, and were led to believe by the attorney for the plaintiff that no steps would be taken without notice to the defendant's attorneys; and in reliance upon counsel's promises to give notice of his intention to proceed in the cause they failed to appear in time, and immediately upon the discovery of the default judgment moved to have the same vacated and set aside.   The miscalculation of the time to plead is not sufficient ground to set aside the default.   If a default could be vacated upon a mere showing that attorneys inadvertently miscalculated the time to appear, it would be difficult to imagine a case where a default should stand.

It is certain that the attorneys for the defendant had actual notice of the filing of the complaint on the 17th day of August, 1923.   Prior to the commencement of the action, Huskey & Kuklinski were retained to keep the defendant's attorney in Los Angeles informed of any steps taken by the plaintiff to procure a divorce, and were authorized to negotiate a settlement, if possible, of the defendant's claim against her husband for support of herself and child.   The defendant, after being served with process, retained Huskey & Kuklinski, through her Los Angeles attorney, to defend the action, and to this end, on September 21, 1923, she forwarded to them at their Reno address her affidavit, to be used in support of a motion for suit money and counsel fees.   No motion was made and the affidavit was never filed, though the same was accompanied with the filing fee.   Their admitted neglect to file the affidavit was, under the circumstances, inexcusable.   It was a case of pure negligence, and the question is whether the consequences of their neglect should be visited upon their client.

3.   It is a general rule that the negligence of an attorney is imputable to his client, and that the latter

cannot be relieved from a judgment taken against him, in consequence of the neglect, carelessness, forgetfulness, or inattention of the former. 23 Cyc. 939. This rule finds support in the case of Harper v. Mallory, 4 Nev. 447, but this court is quite indulgent in setting aside defaults in consequence of "excusable neglect" of attorneys, provided the party himself was not directly in fault. There are many cases which support the proposition that, where a party has employed counsel of good reputation, and practicing habitually in the particular court, the neglect of such counsel is a "surprise" to the party, within the meaning of the statute entitling him to relief in such case (see note, 27 L. R. A. [N. S.] 858), but the rule is not applied in every case.

4. Upon the hearing of the motion to vacate, Mrs. Guardia filed and tendered her answer and cross-complaint, praying a divorce from the plaintiff upon the ground of desertion, and asserting that $60 per month was a reasonable sum to be adjudged and decreed against plaintiff for the support of herself and child. It further appeared from one of her affidavits that in September, 1921, the parties separated, and that on September 28, 1921, Mrs. Guardia instituted separate maintenance proceedings against her husband in one of the courts in Los Angeles, and that on November 14, 1921, her husband was ordered to pay her $40 per month for the maintenance of herself and child. It appears that, subsequent to the making of this order, the husband left California and came to Reno, Nevada. It was made to appear from his affidavit that he had complied substantially with said judgment and order of the California court. Both parties apparently desired a divorce upon the ground of desertion. Mrs. Guardia was willing that her husband should take judgment, provided satisfactory arrangements could be made for the support and maintenance of herself and child. By the terms of the decree she was granted the custody of the child, and $30 per month for its maintenance and education until the further order of the court. It appears from the affidavit of Mr. Guardia that to assure the payment

of said sum he had made arrangements with his mother to make the monthly payments in accordance with the decree. There is nothing to show that there was any community property or separate property involved in the proceeding for divorce. The only possible injury resulting to Mrs. Guardia from the refusal of the court to set aside her default relates to her incidental claim of alimony. The court obviously was of opinion that Mrs. Guardia had not shown a meritorious defense to the action, and to open the case could only result in determining the amount, if any, she should be paid as alimony. In view of the facts, this court cannot say that the trial judge abused his discretion in refusing to vacate the default.

Therefore the order is affirmed.