JUNIUS ANDERSON, APPELLANT, v. VIC HAVAS, DOING BUSINESS AS VIC HAVAS MOTORS, RESPONDENT.

No. 4353

May 2, 1961                                361 P.2d 536

*Lester H. Berkson* and *James H. Phillips,* of Las Vegas, for Appellant.

*Calvin C. Magleby,* of Las Vegas, for Respondent.

## OPINION

By the Court, MCNAMEE, J.:

This is an appeal from an order vacating and setting aside default and judgment based thereon.

Summons was served upon defendant (respondent herein) on May 27, 1960. Respondent had to and including June 16 in which to appear in the action. Upon his failure to do so his default was entered June 17, 1960 and on June 21, 1960 a judgment based on said default was entered. On June 21 respondent filed his motion to vacate said default and judgment because of "inadvertence, surprise, or excusable neglect" and said motion was granted on July 1, 1960. In support of his motion the affidavit of respondent's attorney, Calvin C. Magleby, and two affidavits of respondent were received in evidence and, in addition thereto, the oral testimony of Calvin C. Magleby.

The nature of Mr. Magleby's oral testimony does not appear in the record on appeal. His affidavit states that either on May 27 or May 31 respondent phoned him, stating that he had been served with the summons and complaint in this action and that he was sending the same to Mr. Magleby for him to defend the action on

respondent's behalf; that no record in Mr. Magleby's office shows that these papers were ever delivered there; and that the failure to answer the complaint was solely the result of said papers having been lost or misplaced.

The first affidavit of respondent states that shortly after being served with the papers on May 27, 1960 he communicated with his attorney, Mr. Magleby, and sent the papers to him; and that "I am informed and believe the aforesaid copy of the summons and complaint never reached said Calvin C. Magleby or his office."

The second affidavit of respondent states that he sent the summons and complaint to Mr. Magleby by messenger along with other papers and that said summons and complaint were lost by said messenger while traveling from affiant's place of business to Mr. Magleby's office; and that the loss of said summons and complaint were not discovered until after June 17, 1960.

A copy of respondent's proposed answer containing in legal effect a general denial of the material allegations in the complaint was attached to respondent's second affidavit.

It is unnecessary to determine whether the aforesaid affidavits were legally sufficient to constitute a showing of inadvertence, surprise, or excusable neglect or whether respondent's proposed answer is sufficient to constitute a defense on the merits for the reason that the court's decision was based not only upon said affidavits but also upon the oral testimony of Mr. Magleby which is not before this court. We do not know what evidence in addition to said affidavits was considered by the lower court which resulted in the exercise of its discretion to set aside the default and judgment and in the absence thereof we cannot assume that the lower court was guilty of an abuse of discretion. See Nelson v. Sierra Construction Corp., 76 Nev. 257, 352 P.2d 125; State ex rel. Lyon v. Lyon, 75 Nev. 495, 346 P.2d 709. Under such circumstances the lower court's action is presumed to be valid. See Bond v. Thruston, 60 Nev. 19, 98 P.2d 343, 100 P.2d 74.

Inasmuch as application for relief was promptly made and there was no evidence of intent to delay proceedings and the record having failed to disclose all of the evidence considered by the lower court in the exercise of its discretion, our recent decision in Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039, 1041, is controlling. In that case we said:

"The true significance of the decisions in this state, some of which uphold the granting of the motions to open default and some of which uphold the denial of such motions, is that this court will affirm the action of the lower court in the exercise of its discretion unless there is a showing of a clear abuse thereof."

Judgment affirmed.

PIKE, J., concurs.

Chief Justice BADT did not participate in the consideration or determination of this appeal, and both parties stipulated to the submission of the appeal to Justices PIKE and MCNAMEE.