WALTER A. KELSO, APPELLANT, *v.*
MAUDE KELSO, RESPONDENT.

No. 4431

March 2, 1962                    369 P.2d 668

*Loyal Robert Hibbs,* of Reno, for Appellant.

*Peter Echeverria* and *J. Rayner Kjeldsen,* of Reno, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order setting aside a default in a divorce action.

It appears from the record on appeal which includes an agreed statement that on October 4, 1960 the respondent wife was served with summons personally in San Francisco, California, after an order for publication of summons had been entered. She not having appeared in the action within 20 days after service of the process therein, the time required by law, on application of the appellant her default was entered October 25, 1960 and a decree of divorce granted the same day. Notice of entry of judgment was immediately mailed to respondent.

On November 2, 1960 respondent, through her attorney, filed a notice of motion and motion to set aside the default. Said motion was heard and supported by the affidavit of one Paul G. Dobbins. On March 31, 1961 the motion was granted setting aside the default and judgment of divorce and the respondent given 10 days within which to answer.

The motion was made upon the ground of mistake, inadvertence, surprise, and excusable neglect, and the further ground that "there was an air of misrepresentation or misconduct of plaintiff, the adverse party, through his counsel, in not definitely placing the said Paul G. Dobbins [the wife's California counsel] on notice as to counsel's intention to take a default."[1]

The points relied upon as constituting error are:

1. Respondent nowhere in her motion to set aside the default alleged what her defense would be or would have been or whether she had any kind of defense at all.

---

[1] It is not contended that the conduct of plaintiff's counsel (an attorney not of record on this appeal) constituted extrinsic fraud.

2. That there was no mistake, inadvertence, surprise, or excusable neglect justifying a delay on the part of respondent in filing a responsive pleading.

In support of her motion respondent relied upon the papers on file in said action and the affidavit of Paul G. Dobbins. This affidavit concerns only matters supporting her contention that the default was entered as a result of mistake, inadvertence, surprise, or excusable neglect. Nowhere does it appear in said affidavit or elsewhere in the record that the wife has any defense to the action.

For many years Nevada has adhered to the rule that when a defendant seeks to be relieved of his default,[2] his motion for such relief is fatally defective unless accompanied by a showing of the nature of the defense he expects to interpose to the plaintiff's claim. Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039; Cicerchia v. Cicerchia, 77 Nev. 158, 360 P.2d 839; Lukey v. Thomas, 75 Nev. 20, 333 P.2d 979; Esden v. May, 36 Nev. 611, 135 P. 1185; Howe v. Coldren, 4 Nev. 171.

In Lukey v. Thomas we said that "in the absence of any showing by competent evidence of what the defense would be in the event defendants were permitted to answer, the court was not justified in assuming merely from the arguments of counsel that any defense in fact existed * * *."

It may be conceded that so far as excusable neglect is concerned the showing was sufficient. But this showing is not enough to permit the lower court to set aside a default. Without any showing of a defense or the nature thereof so that the lower court could determine whether it was meritorious, the setting aside of the default and judgment on the ground of excusable neglect was error. Lukey v. Thomas, supra; Esden v. May, supra.

As aforesaid, the record is silent with respect to any defense. Respondent did during oral argument refer us to NRCP 11, which states in part: "The signature of an attorney constitutes a certificate by him that he has read

---

[2]NRCP 55(c) provides: "For good cause shown the court may set aside an entry of default, and if a judgment for default has been entered, may likewise set it aside * * *."

the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." In referring to this rule respondent argues that her attorney's signature to the motion is a certification that respondent has a good defense, and that respondent through such signature alone has made a showing of a meritorious defense. This assertion is without merit.

Even with the application of the provisions of NRCP 11 to motions, there would still be no showing of the nature of the defense as required by Lukey v. Thomas, supra, which would enable the court to determine its merits. Guardia v. Guardia, 48 Nev. 230, 229 P. 386.

We see no reason for overruling the cases which require a showing of a meritorious defense on motions to set aside a default and which have consistently governed the actions of district courts and attorneys for many years. The order of the court below granting respondent's motion to be relieved of her default without any showing or even a mention of the nature of her defense was erroneous.

The order appealed from is reversed.