HOTEL LAST FRONTIER CORPORATION, A CORPORATION, APPELLANT, v. FRONTIER PROPERTIES, INC., A CORPORATION, RESPONDENT.

No. 4542

April 3, 1963                                    380 P.2d 293

*G. William Coulthard,* and *Franklin N. Smith,* of Las Vegas, for Appellant.

*Calvin C. Magleby,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Did prejudicial error occur when the district court refused to set aside the default judgment entered below? The appeal presents this question.

Frontier Properties, Inc. sought a declaratory judgment as to the correct construction to be given certain provisions of a lease and agreement executed concurrently between it, as lessee, and Hotel Last Frontier Corporation as lessor. It alleged the existence of a genuine controversy between the parties with respect to such provisions. Process was served February 19, 1962. Default was entered March 20, 1962. Proof was presented to the court and judgment entered on March 26, 1962. One day later, the defendant, Hotel Last Frontier Corporation, filed a motion to set aside the default judgment, asserting mistake, inadvertence, surprise and excusable neglect, NRCP 60(b) (1),[1] supporting same with the affidavit of counsel and annexing the answer to be filed should its motion be granted.[2] Its motion was denied and the judgment permitted to stand.

---

[1]NRCP 60(b) provides in part: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * *."

[2]Defense counsel below is not counsel for defendant-appellant here.

Over the years this court has frequently expressed itself as to a district court's exercise of discretion in either setting aside a default judgment or refusing to do so. See (1) cases where a default judgment was set aside and the ruling affirmed on appeal: Howe v. Coldren, 4 Nev. 171; State of Nevada v. C. V. & C. M. Co., 13 Nev. 194; Bowman v. Bowman, 47 Nev. 207, 217 P. 1102; Cicerchia v. Cicerchia, 77 Nev. 158, 360 P.2d 839; Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039; Anderson v. Havas, 77 Nev. 223, 361 P.2d 536; (2) cases where a default judgment was set aside and the ruling reversed on appeal: Haley v. Eureka Co. Bank, 20 Nev. 410, 22 P. 1098; Esden v. May, 36 Nev. 611, 135 P. 1185; Lukey v. Thomas, 75 Nev. 20, 333 P.2d 979; Kelso v. Kelso, 78 Nev. 99, 369 P.2d 668; (3) cases where the default judgment was not set aside and the ruling affirmed on appeal: Harper v. Mallory, 4 Nev. 447; Guardia v. Guardia, 48 Nev. 230, 229 P. 386; Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050; (4) cases where the default judgment was not set aside and ruling reversed on appeal: Evans v. Cook, 11 Nev. 69; Horton v. New Pass Co., 21 Nev. 184, 27 P. 376; Stretch v. Montezuma M. Co., 29 Nev. 163, 86 P. 445; Baumann v. Nevada Colony Corp., 44 Nev. 10, 189 P. 245; Wagner v. Anderson, 63 Nev. 453, 174 P.2d 612.

The divergent results of the cited cases are, in the main, explainable because of the different facts involved. The general principle of review here to be applied is that the lower court's exercise of discretion will not be disturbed in the absence of an abuse. Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039; Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050. To recognize that judicial discretion may be abused is to acknowledge the existence of limits within which the exercise of discretion must occur. In Goodman v. Goodman, 68 Nev. 484, 489, 236 P.2d 305, 307, it is stated: "Yet even within the area of discretion where the court's discernment is not to be bound by hard and fast rules, its exercise of discretion in the process of discernment may be guided by such applicable legal principles as may have become

recognized as proper in determining the course of justice. A clear ignoring by the court of such established guides, without apparent justification, may constitute abuse of discretion."

What guides have been announced to indicate the course of action to be taken by the court in deciding the question here presented? We shall mention some of them. (1) The showing required by NRCP 60(b) (1), formerly NCL 8640, of mistake, inadvertence, surprise, or excusable neglect, singly, or in combination, must, of course, be made. Blundin v. Blundin, 38 Nev. 212, 147 P. 1083. What facts will establish the existence of one or more of the specified conditions is largely discretionary. Yet, guides have been declared. Prompt application to remove the judgment is a persuasive factor. Howe v. Coldren, 4 Nev. 171; likewise, the absence of an intent to delay proceedings, Blakeney v. Fremont Hotel, Inc., 77 Nev. 191, 360 P.2d 1039; Anderson v. Havas, 77 Nev. 223, 361 P.2d 536. The lack of knowledge of the party or counsel as to procedural requirements has been given weight, Cicerchia v. Cicerchia, 77 Nev. 158, 360 P.2d 839. Good faith is significant. Haley v. Eureka Co. Bank, 20 Nev. 410, 22 P. 1098. (2) The showing required by case precedent that a "meritorious defense" exist to the claim for relief asserted, also must be made. The total absence of such a showing has defeated the movant's application to set aside the judgment. Kelso v. Kelso, 78 Nev. 99, 369 P.2d 668; Guardia v. Guardia, 48 Nev. 230, 229 P. 386; Lukey v. Thomas, 75 Nev. 20, 333 P.2d 979. The method employed to satisfy this requirement is a matter concerning which prior decisions of this court have not been in harmony. For example, in Howe v. Coldren, 4 Nev. 171, the affidavit of counsel that the defendant "has a good, legal and meritorious defense," without more, was frowned upon in the absence of an averment that the affiant was familiar with the facts of the case. See also State of Nevada v. C. V. & C. M. Co., 13 Nev. 194, and in Esden v. May, 36 Nev. 611, 135 P. 1185, the affidavit of counsel that "affiant is advised and believes that the defendants have a meritorious defense"

was rejected as insufficient, and counsel was not permitted to testify as to what his clients had informed him as to the nature of their defense, the court apparently being of the view that only the client could so testify. Yet, later in Bowman v. Bowman, 47 Nev. 207, 217 P. 1102, the court, citing Howe but ignoring Esden, said "we perceive no reason why the attorney could not make the affidavit as well as the defendant, if he is familiar with the facts  *  *  *." In Baumann v. Nevada Colony Corp., 44 Nev. 10, 189 P. 245, the party made the affidavit asserting that he had stated the facts to his attorneys and had been advised that a meritorious defense existed. In addition, a verified answer was submitted with the motion. Cf. Wagner v. Anderson, 63 Nev. 453, 174 P.2d 612, where the facts constituting the claimed defense were specifically set forth.

Because of such lack of harmony, we deem it proper to announce our view regarding acceptable procedures to satisfy the requirement that a "meritorious defense" be shown. They are: (1) the fact testimony or affidavit of one possessing testimonial qualifications, which factual information, if true, would tend to establish a defense to all or part of the claim for relief asserted; or (2) the opinion of counsel for a party, based upon facts related to him (without setting forth such facts), that a meritorious defense exists to all or part of the claim for relief asserted; or (3) the tendering of a responsive pleading in good faith, with the moving papers, which responsive pleading, if true, would tend to establish a meritorious defense to all or part of the claim for relief asserted; or (4) any combination of the above.

(3) Finally we mention, as a proper guide to the exercise of discretion, the basic underlying policy to have each case decided upon its merits. In the normal course of events, justice is best served by such a policy. Because of this policy, the general observation may be made that an appellate court is more likely to affirm a lower court ruling *setting aside* a default judgment than it is to affirm a *refusal* to do so. In the former case a trial upon

the merits is assured, whereas in the latter it is denied forever. The court's language in the early case of Howe v. Coldren, 4 Nev. 171, 175–176, is especially apt: "Running over the New York digest, we find several cases where the appellate court has held that it would reverse the ruling of a nisi prius court in refusing to set aside a default; but we do not see a reference to a single case where an order setting aside a default has been reversed. Certainly there are strong reasons why an appellate court should interfere in the one case and not in the other. If there is a refusal to set aside a default, a ruinous judgment may be sustained against a party who, upon hearing, might have interposed a perfectly good defense. By sustaining the default, he would forever be debarred the right of a hearing. If, then, a nisi prius court refuses to set aside a default when a party shows with reasonable certainty that he has a good defense, and he has only been guilty of carelessness and inattention to his business, but no willful or fraudulent delay, it would be highly proper even for an appellate court to come to his relief if the lower court refused it. But when the default has been set aside the case is far different. In such case, if the plaintiff has a good cause of action and clear proof of his demand, he could generally try his case in the court below and obtain another judgment in less time, and with far less expense, than he could bring his case to this court. In fine, if the plaintiff has a good case there is no necessity of appealing. If he has a bad one, this court ought not to be very anxious to help him keep an advantage he has obtained, not through the justice or strength of his cause, but by the accidental blunder of his opponent.

"It appears to us it would have to be an extreme case, when this court would reverse an order setting aside a default. Does the case on hearing present any such extraordinary circumstances as to call for our interposition? * * *".

With these guides in mind, we turn to the instant case. The record shows that defense counsel has prepared an answer to plaintiff's complaint but had withheld filing it because another case was pending between

the same parties involving other provisions of the same lease and agreement, and discussions as to all matters in dispute had been carried on. Consequently counsel assumed that a default would not be taken. The affidavit of plaintiff's counsel in opposition asserts that no conversation had occurred between counsel regarding the matters involved in this particular case after it had been commenced; that he did not know that a particular lawyer would be representing the defendant in this case; that nothing occurred to give anyone the impression that a default would not be taken if a responsive pleading was not timely filed. We do not view the opposing affidavits to be in basic contradiction, for the negotiations regarding the disputed lease provisions involved in this action to which defense counsel alluded may have occurred before suit was filed. In any event, each counsel is a respected member of our bar, and each appears to have had reasonable cause to believe in the position he has assumed in this matter.

Prompt action was taken to set aside the judgment. The motion was filed the same day counsel learned judgment had been entered, and only one day after its entry. There is no indication of an intent to delay the case. To the contrary, the inference is that litigation of this case and the other pending matter between the same parties might be avoided by settlement. Bad faith is not present in any degree. Admittedly, defense counsel should have caused an appearance to be entered within the time allowed, or secured a written stipulation extending time. Though his failure to do so is neglect, it is excusable in view of the guides mentioned.

Plaintiff-respondent contends that a meritorious defense was not shown and that the ruling below should, therefore, be upheld. As noted, this action is for declaratory relief. The existence of a genuine controversy as to the correct construction to be accorded certain provisions of the lease and agreement, and the construction each side urges, was alleged in the complaint. The very

nature of the action admits the possibility that the defendant's construction might be proper (though not believed to be) and seeks a binding court declaration of rights. To this extent, a defense, perhaps meritorious, though not believed to be, is acknowledged by the complaint itself. In any event, the defendant's answer presented with its motion, admits the existence of a genuine controversy, denies material averments of the complaint, and pleads facts and contentions which, if true, will effectively controvert the construction asserted by plaintiff. The "meritorious defense" required by Nevada case law was shown.

Briefly, the controversy disclosed by the pleadings is twofold. Plaintiff contends that it may sublet any casino (except the one located in the building called the "New Frontier") without retaining a majority control of the sublease. The predicate for its contention is that only the "New Frontier" casino was in existence when the lease was made, and that the provision thereof, "Lessee shall have no restriction on sub-letting, save and except as to the casino, and in the event the lessee shall determine to sublet the casino, it may do so, provided, however, Lessee retains a majority control of said sub-lease," does not apply to other casinos now on the demised premises. The defendant contends the contrary.

The second area of controversy concerns the claimed right of plaintiff to raze at its own expense one or more buildings on the premises, and to replace them with new, modern and more valuable, structures with additional rooms, all without defendant's consent. On the other hand, the defendant insists that the demolition of buildings is not permitted by the lease; that only the construction of additional rooms is authorized, and that its prior consent thereto is required.

The lease and agreement is not contained in the record on appeal. Certain of their provisions are set forth in the pleadings. Those provisions are alleged to be in need of construction. If such allegation is true, extrinsic evidence will be needed to resolve the dispute. Both sides should be heard.

We conclude that the lower court has ignored clearly established guides for the exercise of its discretion; and find an abuse thereof. Its order denying defendant's motion to set aside the default judgment is reversed. The district court is directed to set aside the default and judgment and permit defendant to answer upon such terms as may be just and reasonable. No costs are allowed.

BADT, C. J., and MCNAMEE, J., concur.