ALBERT SCHULMAN DBA SCHULMAN MEATS AND PROVISIONS, APPELLANT, *v.* BONGBERG-WHITNEY ELECTRIC, INC., RESPONDENT.

No. 13378

May 27, 1982                                     645 P.2d 434

*David Goldwater,* Las Vegas, for Appellant.

*Lionel Sawyer & Collins,* and *Robert M. Buckalew,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

In this appeal we must decide whether the district court abused its discretion by refusing to set aside a default judgment entered after appellant's attorney failed to appear for trial. We conclude that under the facts presented the district court did abuse its discretion. We reverse the judgment and remand for a trial on the merits.

### THE FACTS

Respondent filed a complaint in the district court claiming damages for breach of contract. Appellant's counsel failed to appear for trial. The district judge, sua sponte, entered a default judgment against appellant.

Nine days later appellant moved to set aside the judgment. NRCP 60(b)(1). In support of the motion, appellant's counsel

submitted his own affidavit and that of his secretary. The affidavits stated that the attorney had failed to appear for trial because he believed the trial had been reset. Respondent did not oppose the motion. Nevertheless, the district court refused to set aside the default judgment. This appeal followed.

## THE DEFAULT JUDGMENT

It is the policy of this state that cases be heard on the merits, whenever possible. Hotel Last Frontier v. Frontier Properties, 79 Nev. 150, 380 P.2d 293 (1963).

The decision to grant or deny a motion to set aside a default judgment rests with the sound discretion of the trial court. Fagin v. Fagin, 91 Nev. 794, 544 P.2d 415 (1975); Bryant v. Gibbs, 69 Nev. 167, 243 P.2d 1050 (1952). That discretion must not be arbitrary or cavalier; it must be exercised within the guidelines established by this court. In *Hotel Last Frontier, supra,* this court laid down the guidelines governing the exercise of the district court's discretion when a motion to set aside a default is made pursuant to NRCP 60(b)(1):

> (1) The showing required by NRCP 60(b)(1), formerly NCL 8640, of mistake, inadvertence, surprise, or excusable neglect, singly, or in combination, must, of course be made. . . . What facts will establish the existence of one or more of the specified conditions is largely discretionary. Yet, guides have been declared. Prompt application to remove the judgment is a persuasive factor. . . . [L]ikewise, the absence of an intent to delay proceedings. . . . The lack of knowledge of the party or counsel as to procedural requirements has been given weight. . . . Good faith is significant. . . . (2) The showing required by case precedent that a ''meritorious defense'' exist to the claim for relief asserted, also must be made.

> \* \* \*

> (3) Finally we mention, as a proper guide to the exercise of discretion, the basic underlying policy to have each case decided upon its merits. In the normal course of events, justice is best served by such a policy. Because of this policy, the general observation may be made that an appellate court is more likely to affirm a lower court ruling *setting aside* a default judgment than it is to affirm a refusal to do so. In the former case a trial upon the merits is assured, whereas in the latter it is denied forever.

79 Nev. at 154-56, 380 P.2d at 294-95.

Appellant has met the showing required by NRCP 60(b)(1). The attorney's failure to appear was due to an innocent mistake. No bad faith or intent to delay the proceedings was shown. Appellant applied promptly for relief. The Answer filed in the district court stated a meritorious defense. In addition, we cannot ignore the fact that respondent neither moved for the default judgment in the district court nor opposed appellant's motion to set it aside.

We hold that the district court abused its discretion by refusing to set aside the default judgment. Accordingly, we reverse the judgment, and we remand the case for trial on the merits.