# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROTATE BLACK, INC., A NEVADA
CORPORATION; ROTATE BLACK,
LLC, A FOREIGN BUSINESS ENTITY;
JOHN PAULSEN, INDIVIDUALLY;
AND DUAL COOPER, INDIVIDUALLY,
Appellants,
vs.
SMC CONSTRUCTION CO. INC., A
NEVADA CORPORATION; RICHARD
SCHALLER, INDIVIDUALLY;
SCHALLER DEVELOPMENT, LLC, A
NEVADA LIMITED LIABILITY
COMPANY; DON SMIT,
INDIVIDUALLY AND, D/B/A PROJECT
ONE; MBA RENO-RANDEN L. BROWN
LTD., A NEVADA PROFESSIONAL
CORPORATION, D/B/A MBA
ARCHITECTURE AND INTERIOR
DESIGN; AND RICHARD SCHALLER
AND DON SMIT, TRUSTEES OF
DAYTON DEVELOPMENT PARTNERS,
LLC, A DISSOLVED NEVADA
LIMITED LIABILITY COMPANY,
Respondents.

No. 70770

**FILED**

JUL 11 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court default judgment. Third Judicial District Court, Lyon County; Leon Aberasturi, Judge.

In a previous order, this court affirmed the district court's order refusing to set aside the entry of default but reversed the default judgment and remanded for a new prove-up hearing. *Paulsen v. SMC Constr. Co., Inc.*, Docket Nos. 59181 and 60564 (Order Affirming in Part, Reversing in Part and Remanding, September 16, 2014). On remand, the district court held a new prove-up hearing and entered a default judgment

SUPREME COURT
OF
NEVADA

(O) 1947A

17 -23003

against appellants and in favor of respondents for approximately $6.446 million. On appeal, appellants argue that the district court erred in denying their motion to set aside the default and the default judgment, and that the amount of the judgment is not supported.

Having reviewed the record and considered the parties' arguments, we conclude that the district court acted within its discretion in denying appellants' NRCP 60(b) motions. NRCP 55(c); NRCP 60(b); *Landreth v. Malik*, 127 Nev. 175, 188, 251 P.3d 163, 171 (2011) (reviewing a district court decision on a motion to set aside entry of default for an abuse of discretion); *Hotel Last Frontier Corp. v. Frontier Props., Inc.*, 79 Nev. 150, 153, 380 P.2d 293, 294 (1963) (stating that whether to set aside a default judgment is within the district court's discretion). The order denying appellants' motion to set aside entry of default has already been affirmed as a proper exercise of the district court's discretion, *Paulsen*, Docket Nos. 59181 and 60564 (Order Affirming in Part, Reversing in Part and Remanding, September 16, 2014), and there is no basis for reconsidering that decision in this appeal. As appellants presented the same arguments in their motion to set aside the default judgment that were already rejected, we likewise conclude that the district court was within its discretion in refusing to set aside the default judgment. NRCP 60(b); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (recognizing that the standard for setting aside entry of default under Rule 55(c) is more lenient than the standard for setting aside a default judgment under Rule 60(b)).

As to the amount of the judgment, we conclude that respondents established a prima facie case for liability and that substantial evidence supports the district court's damages award. *Foster*

*v. Dingwall*, 126 Nev. 56, 67-68, 227 P.3d 1042, 1050 (2010). As to the award of unearned lost profits, Article 13 of the contract between SMC Construction Co., Inc., and Rotate Black, Inc., provides that while Rotate Black could terminate the contract for convenience, the contractor's fee in that instance would include unearned profits, as if SMC Construction had completed the project. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Leon Aberasturi, District Judge
      Belanger & Plimpton
      Reese Kintz Guinasso, LLC/Reno
      Third District Court Clerk