HERBERT E. NELSON AND WALLACE R. NELSON, APPELLANTS, v. SIERRA CONSTRUCTION CORPORATION, A NEVADA CORPORATION, RESPONDENT.

Nos. 4262 and 4263

May 16, 1960

352 P.2d 125

*Morton Galane*, of Las Vegas, for Appellants.

*Morse, Graves and Compton* and *James H. Phillips*, of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, C. J.:

Two cases of the same title have been consolidated for oral argument on appeal. The questions involved pertain to each case except as hereinafter noted.

Appeal is from an order refusing to dissolve an attachment.

In case number 4262 the court had personal jurisdiction over appellants by reason of their appearance in

said action. They made the following three motions in the court below:

1. Motion to quash the levy of a writ of attachment, filed October 5, 1959;

2. Motion to dissolve, vacate, and discharge the attachment and garnishment purportedly levied by service on Nevada Savings and Loan Association on April 15, 1959, filed October 22, 1959;

3. Motion to dissolve, vacate, and discharge the attachment and garnishment purportedly levied by service on Nevada Savings and Loan Association on October 19, 1959, filed October 22, 1959.

The grounds for motion number 1 were (a) the sheriff failed to serve upon the Nevada Savings and Loan Association a notice that the debts owing by it to appellants or the credits or other personal property in possession or under its control belonging to the defendants were attached in pursuance of said writ as required by subsection 4 of NRS 31.060; (b) the sheriff failed to serve upon the Nevada Savings and Loan Association a notice stating the stock or interest of the defendants was attached in pursuance of the writ of attachment as required by subsection 3 of NRS 31.060; (c) the sheriff failed to actually seize stock certificates, and the certificates had not been surrendered to Nevada Savings and Loan Association and their transfer by the holder had not been enjoined as required by NRS 79.170; (d) the contract whereby Nevada Savings and Loan Association would pay cash for the stock of the defendants was not attachable.

The grounds for motion number 2 were (a) the amount payable to appellants by Nevada Savings and Loan Association under contract contemplates a cash transaction not a debtor-creditor relationship and was not subject to attachment and garnishment; (b) the sheriff in serving the writ of attachment on Nevada Savings and Loan Association failed to accompany it with any notice that the debts owing by it to the appellants or the credits or other personal property in its possession or under its control belonging to the defendants were

attached in pursuance of said writ of attachment; (c) the sheriff served a writ of attachment to Nevada Savings and Loan Association but failed to accompany it with any notice stating that the stock or interest of the defendants was attached in pursuance of said writ of attachment; (d) the sheriff failed to actually seize any of the stock certificates and the certificates had not been surrendered to the Nevada Savings and Loan Association and their transfer by the holder have not been enjoined; (e) Marilynn D. Nelson and Mary Virginia Nelson were not joined as parties defendant in the main action and the records of the Nevada Savings and Loan Association indicate that they have an interest as joint tenants in the stock purportedly levied upon.

The grounds for motion number 3 were (a) the amount payable by Nevada Savings and Loan Association under contract contemplates a cash transaction not a debtor-creditor relationship and is not subject to attachment and garnishment; (b) the sheriff failed to actually seize any of the stock certificates and the certificates had not been surrendered to Nevada Savings and Loan Association and their transfer by the holder had not been enjoined; (c) Marilynn D. Nelson and Mary Virginia Nelson were not joined as parties defendant in the main action and the records of the Nevada Savings and Loan Association indicate that they have an interest as joint tenants in the stock purportedly levied upon.

In case number 4263 appellants were not personally served in this action and entered no general appearance therein. By special appearance they filed a motion to dissolve, vacate, and discharge the attachment and garnishment purportedly levied by service on Nevada Savings and Loan Association on October 19, 1959.

The grounds for the motion in this case were (a) the amount payable to appellants by Nevada Savings and Loan Association under contract contemplated a cash transaction not a debtor-creditor relationship and is not subject to attachment or garnishment; (b) the sheriff failed to actually seize any of the stock certificates and the certificates had not been surrendered to Nevada

Savings and Loan Association and their transfer by the holder had not been enjoined; (c) Marilynn D. Nelson and Mary Virginia Nelson were not joined as parties defendant in the main action and the records of the Nevada Savings and Loan Association indicate that they have an interest as joint tenants in the stock purportedly levied upon.

The three motions in case number 4262 and the one motion in case number 4263 were consolidated for argument in the lower court and all four motions were denied on October 26, 1959 and a written order to this effect was filed in the cases. Appeal in each case is from "the order refusing to dissolve an attachment made and entered on the 26th day of October 1959."

The statutory grounds for discharge of attachment are found in NRS 31.200 which reads as follows:

"1.    The defendant may also, at any time before trial, apply upon motion, upon reasonable notice to the plaintiff, to the court in which the action is brought or to the judge thereof, for a discharge of the attachment on the following grounds:

(a) That the writ was improperly issued.

(b) That the property levied upon is exempt from execution.

(c) That the levy is excessive.

"2.    If the court or the judge thereof on the hearing of such motion shall find that any of the grounds stated in subsection 1 exist, the attachment and levy thereof shall be discharged. If the motion is based upon paragraph (c) of subsection 1 only, and the same is found to exist, the discharge of attachment shall be only as to the excess."

It is apparent from the foregoing that none of the grounds stated in appellants' several motions for discharge of attachment was one of the statutory grounds specified in NRS 31.200. Each of the grounds upon which the motions were based pertains to the improper levy of the writ as distinguished from an improper issue thereof.

The record on appeal does not contain any of the proceedings which took place at the hearing on said motions other than the oral decision of the court wherein the learned judge thereof stated:

"I think the argument is highly technical. I think the transaction by the letters is a closed transaction. I think now the stock belongs to the Nevada Savings and Loan Association. I think they would have a right to transfer that stock on their books whether they had actual possession of the stock certificate or not.

"I think when the Nelsons made that offer to sell the stock to the Nevada Savings and Loan Association and Nevada Savings and Loan Association has by Resolution on their minutes accepted it that transaction became closed.

"The only difference would be the payment of the money. So, they wrote a check but they could not pay the money because it was attached; so, inasmuch as it was a closed transaction I think the money was attachable.

"Now, the next question is whether or not the writ of attachment contains a sufficient allegation as to owing the debt and I think it is a rule you have to comply with the law in every respect.

"The law is highly technical. I think the Association holds the money now that belongs to the Nelsons.

"I cannot see any sufficient grounds to discharge or dissolve the attachment.

"Was the writ improperly issued? I don't think so.

"Was the property levied upon exempt from execution? There was nothing shown as to an exemption.

"Was the levy excessive? Nothing was shown.

"So the motion to quash the levy or writ of attachment and the motion to dissolve and vacate and discharge the attachment and garnishment purportedly levied by service on Nevada Savings and Loan Association be denied."

What evidence was considered by the court, if any at all, in support of or in opposition to the grounds upon which appellants' motions were based does not appear

from the record. We have only the court's bald statement in said decision, to wit, "I cannot see any sufficient grounds to discharge or dissolve the attachment."[1]

Whether it would have been proper for the court below on a motion for discharge of attachment to grant a discharge on grounds other than the three statutory grounds is a question unnecessary for us to decide on these appeals. The court refused to grant the motions and nothing appears in the records on appeal from which this court can determine that error was committed.

On the oral argument herein, counsel for respondent conceded that the purported levy on the stock was ineffectual because the stock certificates were not seized by the officer making the levy or surrendered to Nevada Savings and Loan Association which issued it, or the holder had not been enjoined, as required by NRS 79.170, but this concession loses significance in view of the lower court's decision that Nevada Savings and Loan Association was the owner of the stock and that the purchase price therefor in the hands of said association at the time of the levy was attachable.

We do not know what evidence was considered by the lower court which resulted in this conclusion and in the absence thereof we must assume that the lower court's conclusion was supported by competent evidence. State ex rel. Lyon v. Lyon, 75 Nev. 495, 346 P.2d 709.

The order appealed from is affirmed in each case.

BADT and PIKE, JJ., concur.

---

[1]The opening sentence of the quoted oral decision of the district judge indicates that the decision was rendered immediately following oral argument—and apparently immediately following the reply argument of the movant. What preceded the argument is left to conjecture. Under Rule 20 of the District Court Rules, regulating procedure on motions, the moving party reads his moving papers or introduces oral evidence. The party opposing reads his opposing papers or introduces his oral evidence. The moving party then proceeds in like manner in rebuttal. Counsel then make their respective arguments. Not only was the hearing of the motions apparently unreported, but the record is devoid of even the clerk's court minutes. Appellants' designation of contents of the record on appeal designates the pleadings, the motions, the orders of court, and "all minutes of court on each and every hearing of any matter or motion concerned herein." Respondent made no counter designation. No minutes appear nor any evidence by way of affidavits or otherwise.